## PETER CARROLL
### v.
## CITY OF JACKSONVILLE.

1.  APPEAL—FILING BOND—PRESUMPTION AS TO TIME OF FILING.—An appeal from the judgment of a justice of the peace was taken, and bond filed. The only evidence that the bond was filed within the statutory time, was the affidavit of appellant that it was so filed.   In the absence of contradictory evidence upon this point, the proof was sufficient.   The entry of the justice upon his docket that "appeal was allowed," though without date, is also sufficient proof that the bond was filed in time, for the reason that the presumption of law is that every public officer will do his duty.

2.  AMENDMENT OF BOND.—Although the bond for appeal is defective in form, that is not of itself a good reason for dismissal of the appeal.   The statute makes it the duty of the Appellate Court to allow the appellant to amend his bond, so that a trial may be had upon the merits.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. GEO. W. SMITH, for appellant; argued that leave should have been granted to amend the appeal bond, and cited Rev. Stat. 1874, 648, § 69; Dedman v. Barber, 1 Scam. 254; Hubbard v. Freer, 1 Scam. 467; Waldo v. Averett, 1 Scam. 487; Bragg v. Fessenden, 11 Ill. 544; Boorman v. Freeman, 12 Ill. 165; Wear v. Killeen, 38 Ill. 259; Fink v. Disbrow, 69 Ill. 76.

Mr. ROBERT D. RUSSELL for appellee; contended that the record should show that the bond was approved by the justice, and cited Rev. Stat. 1874, 647, §§ 62, 64.

LACEY, J.   On the 28th day of March, A. D. 1877, judgment was rendered before A. H. Groff, a justice of the peace in Morgan county, against the appellant, for violating the city ordinance of appellee, in the sum of $25 and cost of suit.

An appeal by appellant was attempted to be taken in the case, but the justice before whom the judgment was rendered having soon after been removed from office by the county commissioners of the county, and one W. H. McCullough having been appointed justice in his place, the cause for some reason was not certified to the Circuit Court.  On the 13th day of October, 1877, one of the days of the October special term of the Morgan county Circuit Court, appellant, by his attorney, moved the court for rule on W. H. McCullough, successor in office to A. H. Groff, as justice of the peace, to certify the records and papers in this cause to the Circuit Court.   This motion was based on the affidavit of Peter Carroll, appellant, showing among other things that on the 1st day of April, A. D. 1877, he took an appeal to the Circuit Court of said county, and filed his appeal bond with said justice (A. H. Groff), which said bond was accepted and approved, etc.

On the 25th of October, 1877, the court below entered a rule on the justice to certify and transmit the papers and record according to the motion.   In obedience to such rule, on the 27th day of October, A. D. 1877, the justice sent up a transcript of the cause, together with an appeal bond, signed by appellant and Wm. Carroll as security.   The bond was very defective in form, and not such as was required by the statute.   At the foot of the transcript of the justice record, and a part of the transcript was added these words by justice Groff, " appeal allowed."

On the same day the transcript was filed in the Circuit Court, the attorney for appellees entered his motion to strike the cause from the docket, and for *procedendo* to the justice of the peace.

At the November term of the Circuit Court, to which time the cause had been continued, the attorney for appellant moved the court by cross-motion for leave to file a good and sufficient appeal bond.

Carroll v. City of Jacksonville.

Thereupon the court below overruled the cross-motion, to which appellant excepted, and sustained the motion of the appellee, dismissed the appeal, and ordered a *procedendo* to the justice of the peace, to which ruling the appellant excepted.

Appellant assigns for error the overruling of appellant's cross-motion, and sustaining the motion of appellees and dismissing the appeal.

The statute of this State provides that "no appeal from a justice of the peace shall be dismissed for any informality in the appeal bond; but it shall be the duty of the court, before whom the appeal may be pending, to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case." Stat. 1874, p. 648, sec. 69.

But it is contended in this case by counsel for appellees, that the appeal bond was not filed and approved in this cause within the twenty days from the rendition of the judgment before the justice of the peace; that there were no file marks or marks of approval by the justice on the appeal bond.

But the only evidence in this case as to whether the appeal bond was filed and approved within the time required by law, was the appellant's affidavit, showing that the bond was filed and approved within the proper time, and the entry of the justice on his docket that "appeal was allowed."

In the absence of any proof to the contrary, we must hold this proof to be sufficient. The affidavit of appellant is positive that the appeal bond was filed and approved within the proper time.

The entry of the justice allowing the appeal must also be held sufficient, even were it not dated, as in this case it is doubtful if the entry is dated; for the reason that the presumption of law is, that every public officer will do his duty. Had not the bond been filed and approved by him within the time required by law, the justice would not have allowed the appeal.

For the above reasons the judgment of the court below will be reversed and the cause remanded, with instructions to the Circuit Court to overrule the motion of appellees to strike the

cause from the docket and for *procedendo*, and to allow the motion of appellant to file a good and sufficient appeal bond within a reasonable time.

Reversed and remanded.